679 A.2d 1293

**In re the ESTATE OF Luba HABAZIN**

**Appeal of Frank HABAZIN and John Habazin**

Superior Court of Pennsylvania.

Argued Dec. 12, 1995.

Filed July 9, 1996.

422

Samuel P. Kamin, Pittsburgh, for appellant.

Joseph M. Budicak, Public Defender, New Brighton, for Komar and Bires, participating parties.

Robert W. Lewis, Jr., Ambridge, for Barancho, participating party.

Before CAVANAUGH, JOHNSON and CERCONE, JJ.

JOHNSON, Judge.

This appeal by Frank Habazin and John Habazin, Jr. (heirs/contestants) arises from an order approving the private sale of real estate included in a decedent's estate. Because we

conclude that the order is interlocutory and has not been certified in accordance with Pa.R.A.P. 342, we quash the appeal.

In 1989, Luba Habazin executed a will naming all five of her children as co-executors. Following her death in 1992, a dispute arose concerning a parcel of real property included in her estate. The property in dispute is a farm containing approximately seventy-five acres upon which are erected a single-family dwelling and a tenant's house. Under the terms of the will, one of the five children, Frances Barancho, was bequeathed the contents of the home as well as the right of a first option to purchase the home.

Three of the children/co-executors, including the legatee, Frances Barancho, petitioned the court to approve the sale of the property to Barancho for $137,000. After several hearings, the Honorable Robert C. Reed, P.J., on November 7, 1994, issued an order approving the sale of the property at $144,000 pursuant to 20 Pa.C.S. § 3353, which provides for the sale of property by a personal representative "when it is advisable that a sale have the effect of a judicial sale." The heirs/contestants filed a pleading, denominated Respondent's Motion for Post Trial Relief, asking the court to vacate its order approving the sale and order a new hearing or, in the alternative, to alter and modify its memorandum and order in form and in substance in response to the matters set forth in the Respondents' Motion. By order dated April 12, 1995, Judge Reed denied the motion and the heirs/contestants appealed from the order denying "post-trial relief." This appeal from the Orphans' Court Division of the Court of Common Pleas followed. At the time the appeal was taken, no sale had taken place.

An order is not a final order under Pa.R.A.P. 341 unless it disposes of all claims or of all parties. In a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court. *See* 20 Pa.C.S. § 3514. Our supreme court has held that an appeal

from an order directing the administrator of a decedent's estate to apply for a court order to sell real estate belonging to the decedent is interlocutory and must be quashed. *In re Maslowski*, 261 Pa. 484, 104 A. 675 (1918). The court stated the following: "If a sale should be made in pursuance of the said order or decree, an appeal will lie from the final confirmation of it, and the errors now ... prematurely ... complained of will then be properly here for correction." *Id.* Execution of the sale and the final confirmation thereof are thus essential prerequisites for appeal. *Compare In re Manley,* 305 Pa.Super. 332, 451 A.2d 557 (1982) (finding order granting intervention to permit submission of bids on sale of real estate in Orphans' Court proceeding not appealable) *with In re Harper's Estate,* 418 Pa. 196, 210 A.2d 288 (1965)(permitting appeal where sale of decedent's interest in corporation had occurred and had been confirmed). Here, the order is interlocutory because (1) a sale has neither taken place nor been confirmed, and (2) the estate from which the sale will be carried out remains under administration.

██ Pa.R.A.P. 342 provides for the appeal of an interlocutory order of distribution in a decedent's estate as follows:

An appeal may be taken as of right from *any order of distribution* entered in an orphan's court division which is not final within the meaning of Rule 341 (final orders generally) *if the lower court shall certify* that the order is sufficiently definite to determine the substantial issues between the parties. [Emphasis added].

On this appeal, we lack both (a) an order of distribution and (b) a trial court certification. The effect of delaying review of the order fixing the appraised value will not result in the loss of any right in any of the parties because the real estate is not specifically devised under the will to any person, and the proceeds of sale will remain under the review and control of the Orphans' Court until confirmation of the final account. Thus, we can only conclude that the within appeal is interlocutory, taken without right, and must be quashed.

Appeal **QUASHED.**