In re: **Estate of Denise A. BORKOW-SKI, a/k/a Denise A. Utz, a/k/a Denise Borkowski Utz**

**Appeal of: Harold Borkowski and Barbara Borkowski**

Superior Court of Pennsylvania.

Submitted Jan. 21, 2002.
Filed March 4, 2002.

Kevin W. Gibson, Media, for appellants.

Paul G. Lutz, York, for appellee.

Before DEL SOLE, P.J., LALLY–GREEN, and TAMILIA, JJ.

LALLY–GREEN, J.

¶ 1 Appellants, Harold and Barbara Borkowski, appeal from the order dated January 23, 2001, granting the objections of Charles Utz. We quash the appeal as interlocutory.

¶ 2 The factual and procedural history of the case is as follows. On April 23, 1986, Denise Borkowski (the decedent) issued a Last Will and Testament. The decedent made three specific bequests to various individuals, and left the remainder of her property to her parents, Appellants herein.

¶ 3 Approximately three years later, on April 11, 1989, the decedent entered into a prenuptial agreement with Mr. Utz. She married Mr. Utz on April 15, 1989. The decedent died on August 10, 1999, and was married to Mr. Utz at the time of her death. The decedent did not amend her will before she died. Mr. Utz was not named in the decedent's will.

¶ 4 Appellants are the co-executors of the decedent's estate. On February 22, 2000, Appellants filed a First and Final Accounting of the decedent's estate. This accounting did not distribute funds to Mr. Utz. On March 27, 2000, Mr. Utz filed objections to the accounting. Mr. Utz sought to exercise two statutory rights: (1) his right to the spousal share of the estate under 20 Pa.C.S.A. § 2507(3); and (2) the surviving spouse's share of the family exemption under 20 Pa.C.S.A. § 3121. Appellants argued that Mr. Utz waived these statutory rights by entering into the Prenuptial Agreement. The court reviewed the Prenuptial Agreement and determined that it was ambiguous on the waiver issue. Thus, the court held a hearing to introduce parol evidence of the parties' intent. After holding the hearing, the court determined that Mr. Utz did not waive his statutory rights. On January 23, 2001, the court issued a Decree Nisi ordering Appellants to amend the accounting to provide for Mr. Utz's statutory rights. This appeal followed.

¶ 5 Appellants raise one issue on appeal: Did the lower court error [sic] in its conclusion that the surviving spouse did not waive his statutory right to claim against the will of his deceased spouse as provided in 20 Pa.C.S.A. § 2507(3), and the right to claim the family exemption under 20 Pa.C.S.A. § 3121, by reason of his execution of a certain Prenuptial Agreement, dated April 11, 1989?

Appellant's Brief at 3.

¶ 6 Before addressing the merits of the appeal, we must determine whether the court's order was final and appealable. As noted above, the court ordered Appellants to amend their accounting and provide for Mr. Utz's statutory rights. Appellants could have complied with this order, amended the accounting, waited for the court to confirm the final accounting, and then filed an appeal from the confirmation order. Instead, Appellants filed an immediate appeal. Thus, we must determine whether the instant appeal is premature.

¶ 7 We may raise the issue of appealability *sua sponte* because it affects our jurisdiction over the case. *In re Estate of Meininger*, 367 Pa.Super. 105, 532 A.2d 475, 476 (1987). "In order to avoid piecemeal litigation, no appeal will be permitted from an interlocutory order unless specifically provided for by statute. Otherwise, an appeal must be taken from a final order." *Id.* (citations omitted).[1] As this Court explained:

---

1. It is undisputed that the January 23, 2001 order is not appealable as of right under Pa.R.A.P. 311; is not appealable by permis-

An order is not a final order under Pa.R.A.P. 341 unless it disposes of all claims or of all parties. In a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court. *See* 20 Pa.C.S. § 3514. Our supreme court has held that an appeal from an order directing the administrator of a decedent's estate to apply for a court order to sell real estate belonging to the decedent is interlocutory and must be quashed. *In re Maslowski*, 261 Pa. 484, 104 A. 675 (1918). The court stated the following: "If a sale should be made in pursuance of the said order or decree, an appeal will lie from the final confirmation of it, and the errors now...prematurely...complained of will then be properly here for correction." *Id.* Execution of the sale and the final confirmation thereof are thus essential prerequisites for appeal. *Compare In re Manley*, 305 Pa.Super. 332, 451 A.2d 557 (1982) (finding order granting intervention to permit submission of bids on sale of real estate in Orphans' Court proceeding not appealable) with *In re Harper's Estate*, 418 Pa. 196, 210 A.2d 288 (1965) (permitting appeal where sale of decedent's interest in corporation had occurred and had been confirmed). Here, the order is interlocutory because (1) a sale has neither taken place nor been confirmed, and (2) the estate from which the sale will be carried out remains under administration. *In re Estate of Habazin*, 451 Pa.Super. 421, 679 A.2d 1293, 1295 (1996). *See also, In re Estate of Preston*, 385 Pa.Super. 48, 560 A.2d 160, 162 (1989) (dismissing appeal where final distribution had not taken place); *Meininger*, 532 A.2d at 477 ("[c]onfirmation thus confers finality, since it is, from the vantage point of the beneficiaries and heirs, conclusive as to any division of property then before the orphans' court").

■ ¶ 8 We note that under Pa.R.A.P. 342, a party may appeal from an interlocutory distribution order if the orphan's court certifies that "the order is sufficiently definite to determine the substantial issues between the parties." *See, Habazin*, 679 A.2d at 1295.[2] Because the orphan's court did not issue the necessary certification, Rule 342 is inapplicable. *Id.*

■ ¶ 9 In the instant case, Appellants have not made a final accounting and the trial court has not confirmed a final accounting. The estate remains under administration. Under *Habazin, Preston,* and *Meininger*, the order directing Appellants to amend the accounting is not final because it does not dispose of all claims and all parties.

¶ 10 Appellants argue that the court's order effectively disposed of all claims and all parties, because the court ruled on the merits of Mr. Utz's objections. Appellants contend that it is absurd to require an amended accounting and a final confirmation when: (1) the court's ultimate decision on these issues is essentially a foregone conclusion; and (2) Appellants vehemently disagree with the amendments that they must make. Correspondence, 4/26/01, at 2. We understand Appellants' desire to avoid "jumping through hoops" to perfect their appeal. On the other hand, we see no persuasive reason to deviate from the

sion under Pa.R.A.P. 312; and is not a collateral order under Pa.R.A.P. 313.

**2.** On January 2, 2001, Rule 342 was amended to state that interlocutory distribution orders shall be considered final orders "upon a determination of finality" by the Orphan's Court. This amendment does not represent a significant departure from the prior wording of the rule.

reasoning of *Habazin et al.*, particularly when Appellants did not seek a determination of finality under Pa.R.A.P. 342. Moreover, in our view, it is not particularly onerous to submit an amended accounting and to wait for a final confirmation. Like many other litigants, Appellants must simply take additional steps to perfect their appeal.[3]

¶ 11 For the reasons set forth above, we conclude that the January 23, 2001 order is interlocutory, and the appeal therefrom must be quashed.

¶ 12 Appeal quashed.

---

3. We note that Appellants have cited no particular prejudice they will suffer from complying with the court's order. It may seem repugnant to ask the court to issue an order with which they disagree. On the other hand, Appellants are in no different position from a civil litigant who must ask the prothonotary to enter an adverse judgment on the docket before appealing.