**In re ESTATE OF Nicholas Linn QUINN, Deceased.**

**Appeal of Cynthia L. Rideout, individually and as co-administrator of the Estate of Nicholas Linn Quinn, Deceased.**

Superior Court of Pennsylvania.

Argued Feb. 5, 2002.
Filed July 26, 2002.

George S. Gobel, McKeesport, for appellant.

William J. Begey, Pittsburgh, for appellee.

Before: DEL SOLE, P.J., BENDER and TAMILIA, JJ.

DEL SOLE, P.J.

¶ 1 Cynthia L. Rideout, co-administrator of the estate of Nicholas Linn Quinn, appeals from an order approving settlement distribution. After review, we quash the appeal.

¶ 2 The fifteen-year-old decedent, Nicholas Linn Quinn, died intestate on May 9, 1999, as the result of a car accident. Decedent maintained two residences, one in Boulder City, Nevada, with his mother, Cynthia Rideout and stepfather Reginald Rideout, and the other in Beaver County, Pennsylvania, with his father, Stewart Linn Quinn and stepmother Karen Quinn. Decedent was survived by his mother and father.

¶ 3 The fatal accident occurred in Nevada. At the time of the accident, decedent was a passenger in a 1999 Saturn owned by Robert Kessler and being operated by David Lee Gibson. The vehicle involved in the accident was covered by a policy of liability insurance issued to Robert Kessler by Farmers Insurance Company. Both the Rideouts and the Quinns were insured by State Farm Insurance Company at the time of the accident.

¶ 4 Stewart Quinn, decedent's father and co-administrator of the estate, hired the firm of Berger and Green to represent himself and the estate and to institute such proceedings as may be necessary to recover damages. Mr. Quinn signed a retainer agreement that provided that Berger & Green would receive one-third of any recovery as attorneys' fees. Subsequently, the parties settled. Farmer Insurance offered its bodily injury policy limits in the amount of $15,000. State Farm offered its limits of underinsured motorist benefits in the amount of $25,000 under the policy issued to Cynthia Rideout. A claim for underinsured motorist benefits is pending against State Farm under a policy issued to Stewart and Karen Quinn.

¶ 5 A petition to approve the settlement was filed. George Gobel, Esq., counsel for Cynthia Rideout, objected to the petition to approve the settlement, and a hearing was held. Subsequently, the trial court signed an order authorizing the distribution of the settlement proceeds. In the distribution, one-third of the funds were awarded to Berger and Green as reasonable attorney's fees. The remainder of the proceeds were divided equally between Stewart Quinn and Cynthia Rideout. Cynthia Rideout appealed.

¶ 6 On appeal, Cynthia Rideout raises a single issue for our review:

Did the lower court abuse its discretion in authorizing a substantial fee, to be paid from the decedent's estate to the attorney retained by one of the co-administrators, despite the refusal of the other co-administrator to use the services of that attorney and her retaining the services of separate counsel?

Appellant's Brief at 4.

¶ 7 Before we address Appellant's issue, we must first determine whether the trial court order in this case is a final order subject to our review. We may raise the issue of appealability *sua sponte* because it affects our jurisdiction over the case. *In re Estate of Borkowski,* 794 A.2d 388, 389 (Pa.Super.2002). "In order to avoid piecemeal litigation, no appeal will be permitted from an interlocutory order unless specifically provided for by statute. Otherwise, an appeal must be taken from a final order." *Id.* An order is not a final order under Pa.R.A.P. 341 unless it disposes of all claims or of all parties. *Id.* at 390.

¶ 8 The record reveals that there has been a settlement of claims by Farmers Insurance under its policy issued to Robert Kessler, and from State Farm under its policy issued to Cynthia Rideout. A claim for underinsured motorist benefits under a policy issued to Stewart and Karen Quinn, however, is pending against State Farm. This outstanding claim is referenced by the parties and mentioned in the trial court's opinion.

¶ 9 The trial court's order provides for distribution only of the funds received under the two policies settled. The remaining funds potentially available under the State Farm policy issued to the Quinns is not addressed, and cannot yet be addressed because the matter is still pending in court. Because the order does not dispose of all claims or of all parties, the order is not final under Pa.R.A.P. 341. Thus, it is an interlocutory order. An

appeal will not be permitted from an interlocutory order unless specifically provided for by statute.

¶ 10 Rule of Appellate Procedure 342 provides:

In addition to final orders pursuant to Subdivision (b) of Rule 341 or determined to be final under Subdivision (c) of Rule 341, an order of the Orphans' Court Division determining an interest in realty, personalty, the status of individuals or entities or an order of distribution not final under Subdivision (b) of Rule 341 or determined to be final under Subdivision (c) of Rule 341 shall constitute a final order upon a determination of finality by the Orphans' Court Division.

Pa.R.A.P. 342.

¶ 11 Under Pa.R.A.P. 342, interlocutory distribution orders shall be considered final orders "upon a determination of finality" by the Orphans' Court.[1] Because the Orphans' Court did not make a determination of finality, Rule 342 does not apply. Therefore, the order is not deemed final under this Rule.

¶ 12 Furthermore, in a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court. *See In re Estate of Borkowski,* 794 A.2d 388, 390 (Pa.Super.2002); 20 Pa.C.S.A. § 3514.

¶ 13 In the instant case, Appellant has not made a final accounting and the trial court has not confirmed a final accounting. The order at issue is an interlocutory distribution order addressing funds presently included in decedent's estate. Accordingly, the estate remains under administration. The order distributing the funds

presently included in the estate is not a final and appealable order.

¶ 14 Appeal quashed.

---

1. Pa.R.A.P. 342 was amended to include the language quoted above effective January 2, 2001. The order in this case was issued January 24, 2001. Thus, amended Rule 342 is the relevant Rule in this case.