J. A20003/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN RE:  ESTATE OF DOROTHY TORKOS  :   IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
APPEAL OF:  JAMES TORKOS,  :
BARRY TORKOS, AND DAVID TORKOS,  :   No. 167 EDA 2014
                                                :
                    Appellants    :

Appeal from the Order Entered December 9, 2013,
in the Court of Common Pleas of Northhampton County
Civil Division at No. 2008-1622

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 09, 2015**

Dorothy Torkos, appellants' mother, died testate.  Her estate consisted primarily of her house.  James Torkos, Barry Torkos, and David Torkos appeal from the order entered December 9, 2013, providing that Barry Torkos is entitled to claim a family exemption under 20 Pa.C.S.A. § 3121, but is not permitted to purchase the real property at market value and deduct the family exemption from the purchase price.  We quash the instant appeal as interlocutory.

The trial court has set forth the history of this matter as follows:

> Dorothy Torkos ("Decedent") died testate on September 6, 2008, having executed a Last Will and Testament ("Will") on November 11, 1981.  The Will named her husband Frank as executor, and her son David as his alternate.  The entirety of her Estate was to be devised to Frank, and alternatively, in equal shares to her sons David, Barry, Brian and James.  Decedent was predeceased by Frank and

Brian. At the time of her death, Decedent resided at 110 Motil Road, in Hellertown, Northampton County with her son Barry. Along with Barry, she was survived by her sons David and James, and Brian's children, Stacie and Kristopher.

Upon her death, executorship fell to David, who renounced his role. Executorship was also renounced by James, Barry and Christopher, leaving the role to Decedent's granddaughter, Stacie. On December 30, 2008, Decedent's Will was admitted to probate and Letters of Administration CTA were issued to Stacie ("Administratrix/Stacie Torkos").

On March 16, 2010, Stacie Torkos filed a "Petition for Permission to Sell Real Estate to Personal Representative/Administratrix." David, James and Barry Torkos ("Torkos Brothers") filed an Answer thereto on May 28, 2010. The petition came before undersigned for a conference on the filing date, and as a result thereof, the Court directed that there be a sealed bid auction between the parties. The high bid was submitted by Stacie, and on June 11, 2010 the Court entered an Order directing that the property be sold to her for the bid price of One Hundred Fifty-Thousand Dollars ($150,000.00) pending proof of her ability to consummate the sale, and closing within thirty (30) days.

On July 9, 2010, the Torkos Brothers filed a "Petition to Set Aside the Proposed Sale or in the Alternative, Motion to Reconsider, or in the Alternative, Petition to Vacate Order of Court Dated June 11, 2010." On July 12, 2010, Stacie Torkos filed a "Petition to Require Occupant to Vacate Certain Real Estate and to Extend the Closing Date Pursuant to Order of Court Dated June 11, 2010." The Torkos Brothers filed an Answer, New Matter and Counterclaim in response to that petition on July 19, 2010, seeking Stacie Torkos' removal from her role as Administratrix by the latter. On July 19, 2010, the parties went to Motions Court relative to Stacie Torkos' request for an extension of time to settle on the property, and an Order was entered

granting such relief. On July 28, 2010, Stacie Torkos answered the Torkos Brothers' petition of July[] 9, 2010, and on August 6, 2010, she replied to their New Matter, as set forth in their pleading of July 19, 2010, followed by an Amended Reply, on August 11, 2010. On August 12, 2010, the undersigned entered an Order staying conveyance of the real estate to Stacie Torkos pending further Order of Court.

Additionally, on August 12, 2010, Barry Torkos filed a "Petition for Claim of Family Exemption," to which the Administratrix filed a response on August 31, 2010. Thereafter, on August 19, 2010, the Torkos Brothers filed an omnibus petition inclusive of petitions declaring that the Will set forth a per capita and not a per stirpes distribution scheme,[1] and that therefore, Kristopher and Stacie Torkos were not entitled to Brian's share of the Estate; a formal petition for the removal of Stacie Torkos from her position as the Administratrix of the Estate; a renewal of Barry Torkos' claim for family exemption and a petition to allow them to purchase the real estate.

On December 14, 2010, Stacie Torkos filed a "Petition to Enforce Order of Court Dated June 11, 2010," to which the Torkos Brothers filed an Answer

---

[1] Pursuant to a *per capita* distribution scheme, the beneficiaries of a single class identified in a will share in the estate amongst themselves, and no one takes by representation on behalf of a deceased member of that class. **See Hamilton's Estate**, 312 A.2d 373 (Pa. 1973). Whereas, under a *per stirpes* scheme of distribution, the descendants of the deceased take by representative share. **See Grimm's Estate**, 275 A.2d 349, 357 (Pa. 1971) ("Ordinarily, the words '*per stirpes*' are used with respect to substitutional gifts to substituted legatees in the event of the death of a primary legatee or legatees. . . .")[.]

**Estate of Dorothy Torkos**, No. 1234 EDA 2011, unpublished memorandum at 5-6 (Pa.Super. filed March 26, 2012), quoting trial court opinion, 4/5/11 at 6-7 n.6.

on December 21, 2010. On December 30, 2010, the Court, in consideration of the motions bearing on the disposition of the real estate, entered an Order directing that the property be sold at a public auction to be conducted by Wil E. Hahn. On January 7, 2011, the Torkos Brothers filed a motion for reconsideration of the December 30, 2010 Order.[Footnote 1] Contemporaneously, the Torkos Brothers filed a motion to certify the December 30, 2010 Order for appeal. However, prior to the filing of any appeal, the matter came back before the undersigned for disposition of Barry Torkos' claim for exemption, and the Torkos Brother's [sic] petitions relative to the proper interpretation of the Will and the rights of Kristopher and Stacie Torkos to inherit thereunder.

> [Footnote 1] Given the pendency of these and other motions, the Court, by correspondence to counsel dated January 13, 2011, notified the parties that it had directed Mr. Hahn to hold in abeyance his plans to auction the property until the disposition of these outstanding matters.

By an Order and Statement of Reasons filed on April 5, 2011, the Court determined that: (1) Barry Torkos was entitled to claim the family exemption; (2) the Will set forth a per stirpes distribution scheme, and (3) Stacie and Kristopher Torkos were untitled [sic] to take thereunder. On or about April 15, 2010, the Torkos Brothers filed a petition to certify the Court's April 5, 2011 decision for appeal, and the same was granted by an Order entered on April 20, 2011. That Order also put a stay of proceedings into effect pending disposition of the appeal, which was filed on May 3, 2011. By a decision issued on March 26, 2012, the Superior Court affirmed this Court's April 5, 2011 ruling.

On September 3, 2013, Stacie Torkos filed a "Petition to Remove Stay and Enforce Orders of Court Dated June 11, 2010 and April 5, 2011." The

> Torkos Brothers responded with the filing of an Answer and New Matter on October 3, 2013 and the parties appeared before the undersigned for a conference on October 4, 2013. Given that the issue presented by Stacie Torkos' present petition is the disposition of the real estate, the parties came to an agreement at conference that the threshold issue is whether or not Barry Torkos is entitled to take the family exemption in kind, or whether he is limited to taking the exemption in cash. Counsel for the Torkos Brothers contend that if Barry is entitled under the law to take the exemption in kind, the Court's prior rulings relative to the disposition of the real estate will be superseded by his option to buy the real estate at fair market value. This limited issue is now ready for disposition.

Order and opinion, 12/9/13 at 1-4.

Appellants' main issue on appeal is that the trial court erred when it precluded Barry Torkos from proceeding under 20 Pa.C.S.A. § 3123, allowing him to purchase the real estate at market value and deducting the family exemption from the purchase price, as opposed to taking the $3,500 family exemption out of the estate in cash. There is no question that Barry is entitled to claim the $3,500 family exemption pursuant to 20 Pa.C.S.A. § 3121. However, Barry insists that because the real property is the only significant asset in the estate, he is entitled to take the property "in kind" to satisfy the family exemption, while reimbursing the estate for the remaining fair market value of the property. In the prior appeal, we determined that the issue was not properly before this court because the trial court had issued a stay of the order conveying the property to Stacie Torkos for $150,000. Because a stay order is interlocutory, we did not have jurisdiction

to consider the issue. Therefore, the issue of the "right to take the real estate" was not properly before this court. **Estate of Dorothy Torkos**, **supra** at 12-13.

Before we may address appellants' substantive issues on appeal, we must determine whether the instant appeal is from a final order or is otherwise appealable. On February 7, 2014, this court issued a rule to show cause why the appeal should not be quashed as interlocutory. Appellants filed a response on February 19, 2014, arguing, **inter alia**, that while not a final order, it is appealable as of right under several subsections of Pa.R.A.P. 342, including as an order determining an interest in real property. Pa.R.A.P. 342(a)(6). Appellants also argue it is immediately appealable as it declares the rights and obligations of the parties. 42 Pa.C.S.A. § 7532.

> As a prefatory matter, we must determine whether this appeal lies from a final order subject to our review. We may examine the issue of appealability **sua sponte** because it affects the Court's jurisdiction over the case. **In re Estate of Cherwinski**, 856 A.2d 165 (Pa.Super.2004) (citing **In re Estate of Borkowski**, 794 A.2d 388 (Pa.Super.2002)). An appeal must be taken from a final order. **In re Estate of Cherwinski**, **supra**. A final order is defined as follows:
>
> **Rule 341. Final Orders; Generally**
>
> **(a)** **General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

**(b) Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subdivision (c) of this rule.

\* \* \*

Pa.R.A.P. 341. *See In re Estate of Borkowski*, *supra*. Thus, for purposes of the present case, an order is final and appealable if it disposes of all claims or if a statute expressly defines it as final.

*In re Miscin*, 885 A.2d 558, 560-561 (Pa.Super. 2005).

"In a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court." *Borkowski*, 794 A.2d at 390, quoting *In re Estate of Habazin*, 679 A.2d 1293, 1295 (Pa.Super. 1996), citing 20 Pa.C.S. § 3514.

Rule 342 provides that certain Orphans' Court orders are appealable as of right without a determination of finality.

**Rule 342. Appealable Orphans' Court Orders**

**(a) General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:

    (1)    An order confirming an account, or authorizing or directing a distribution from an estate or trust;

    (2)    An order determining the validity of a will or trust;

    (3)    An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

    (4)    An order interpreting, modifying, reforming or terminating a trust;

    (5)    An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

    (6)    An order determining an interest in real or personal property;

    (7)    An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or

    (8)    An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

Appellants claim that the order determines an interest in real property.

Rule 342(a)(6) provides that an appeal may be taken as of right from an

order determining an interest in real property. Appellants state that the December 9, 2013 order denied Stacie Torkos' petition to remove the stay and enforce the prior order allowing her to purchase the property for $150,000. The December 9 order also specifically precluded Barry Torkos from claiming the family exemption in kind, *i.e.*, by purchasing the real property at fair market value and then deducting the family exemption from the purchase price. Rather, the trial court ruled that Barry Torkos was limited to taking the exemption in cash. Therefore, according to appellants, the December 9 order determined the rights of the parties to the real property in question and is immediately appealable. We disagree.

The trial court did not determine ownership of the subject property. The estate remains the owner of the property until it is sold to a third party. The trial court only determined whether the property should be sold at public auction as previously ordered or sold to Stacie Torkos as requested in her petition. In fact, the trial court specifically provided that "all interested parties remain eligible to purchase the property pursuant to the public auction," including Barry Torkos. Determining eligibility to purchase real property is not the same as determining ownership of the property. If Barry Torkos wants to purchase the property, he can do so by placing the high bid at public auction. Regardless, he is still entitled to the $3,500 family exemption as well as his share of the proceeds from the sale of the house.

Appellants also claim the order is appealable under Subsection (a)(5) as an order determining the status of fiduciaries, beneficiaries, or creditors in an estate. Appellants argue that the trial court determined Barry Torkos' status, *i.e.*, that he is permitted to take the family exemption, but not use it to purchase the real property. We disagree. The trial court did not determine Barry Torkos' "status" as a beneficiary of the estate, it merely ruled that he could not proceed under 20 Pa.C.S.A. § 3123.

Appellants suggest that the order is immediately appealable under Rule 342(a)(1), as an order confirming an account, or authorizing or directing a distribution from an estate or trust. Again, this section is inapplicable. Appellants argue that by ordering the property to be sold at public auction, the order is essentially directing the distribution of an estate asset. The December 9, 2013 order does no such thing. The trial court made no determination as to the distribution of any of the proceeds from the sale, and did not direct or authorize any distribution from the estate. Nor does the December 9 order relate to the confirmation of an account. The trial court simply reaffirmed its prior order directing that the property be sold at public auction.

Appellants also point to 42 Pa.C.S.A. § 7532, which provides,

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration

- 10 -

> may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

This is not a declaratory judgment action. Nor did the December 9, 2013 order make a final determination of the legal rights and obligations of the parties. As appellee observes, "The Estate remains under Administration and there will be no final determination of the legal rights and obligations of the Parties until a final distribution is made to all beneficiaries of the Estate and a Final Account is confirmed by the Court." (Appellee's brief at 11.)

Appellants also argue that in the court below, the parties basically agreed that the first issue to be decided was whether Barry Torkos could take the family exemption "in kind," or whether it would be paid as an administrative cost out of the estate. If the trial court ruled that Barry Torkos could take the exemption in kind, then the matter of a public auction becomes moot. At a status conference, the parties indicated that whatever the court's ruling, it would likely be appealed. (Appellants' response to show cause order, 2/19/2013 at 4, citing notes of testimony, 10/4/13 at 10:14-19.) However, it is well established that litigants cannot confer jurisdiction by stipulation or agreement. *See Jahanshahi v. Centura Development Co., Inc.*, 816 A.2d 1179, 1183 (Pa.Super. 2003) ("Although neither the trial court nor the parties raised the issue of appealability, "[w]e may raise [it] *sua sponte* because it affects our jurisdiction over the case."), quoting *Borkowski*, 794 A.2d at 389.

Finally, appellants claim that the December 9, 2013 order exposes the sole valuable asset of the estate to public sale, and they would suffer irreparable harm if a sale is consummated. Appellants' argument in this regard is unconvincing. As stated above, there is no dispute that Barry Torkos is entitled to the family exemption under 20 Pa.C.S.A. § 3121. That decision was upheld on the prior appeal. Whether or not the house is sold to a third party, Barry Torkos is entitled to the $3,500. The house has been valued at approximately $200,000. It is clear from the record that Barry Torkos is using the family exemption entitlement to try to force a sale to him.

For these reasons, we conclude that the December 9, 2013 order is interlocutory and non-appealable. As such, we lack jurisdiction to consider the instant appeal.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015