J-S82013-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

IN RE: ESTATE OF GRACE M. HARTMAN

APPEAL OF: VALERIE H. MILLER

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 89 WDA 2017

Appeal from the Order December 12, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 7719 of 2011

BEFORE: BENDER, P.J.E., STEVENS, P.J.E.*, and STRASSBURGER, J.**

MEMORANDUM BY BENDER, P.J.E.:                    FILED MARCH 28, 2018

Valerie H. Miller ("Ms. Miller") appeals from the order, dated December 12, 2016, that entered a surcharge judgment for $257,002.64 against her in the context of a motion for judgment on the pleadings relating to the settling of the Estate of Grace M. Hartman ("Estate"). We quash.

Grace M. Hartman ("Decedent") died on December 15, 2011. Letters Testamentary were granted to Decedent's son, Harry S. Hartman, IV, ("Mr. Hartman") on December 27, 2011. However, on February 1, 2012, Mr. Hartman petitioned to withdraw as the executor and Letters of Administration D.B.N.C.T.A. were granted to Ms. Miller, Decedent's daughter. On January 26, 2015, Mr. Hartman filed a petition to compel an accounting and requested that Ms. Miller be removed as the administratrix. Mr. Hartman's petition alleged that his attorney had "received an informal

_____

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

account from [Ms.] Miller stating that [Ms.] Miller had made advanced disbursements to herself in the amount of $183,454.35[,]" "that the actual advance disbursements that [Ms.] Miller gave herself totaled $211,095.25 and that "[Ms.] Miller was also accused of receiving and using for her own benefit $1,525.00 in monthly income from the Estate's commercial rental property." Orphans' Court Opinion (OCO), 3/1/17, at 1.

Ms. Miller agreed to resign and by consent order, dated March 4, 2015, the parties agreed to the appointment of Joseph M. Loy, Esq. ("Attorney Loy"), as administrator. The consent order also directed that Ms. Miller file a formal accounting. Only after a petition for contempt was filed in February of 2016 was Ms. Miller's accounting finally filed on February 19, 2016, with an amendment subsequently filed on March 17, 2016. Thereafter, on behalf of the Estate, Attorney Loy filed objections to both the accounting and the amended accounting; however, no responses to the objections were filed by Ms. Miller. Next, on August 26, 2016, Attorney Loy filed a motion in limine to exclude any testimony or evidence at trial in light of the fact that Ms. Miller had not filed any responses to the objections. On October 18, 2016, the orphans' court ordered that Ms. Miller was precluded from introducing any evidence at trial. Subsequently, on November 3, 2016, Attorney Loy filed a motion for judgment on the pleadings, which the orphans' court granted on December 12, 2016. In pertinent part, that order states that "in consideration of the within Motion for Judgment on the Pleadings, it is hereby ORDERED that a surcharge judgment be entered of record in the

- 2 -

amount of $257,002.64 against the Respondent, Valerie H. Miller." Order, 12/12/16. That order also directed the scheduled trial to proceed in regard to the Surcharge Petition filed against the Respondent, Frank D. DeBor, Esq., who previously represented Ms. Miller. Id.

Ms. Miller filed an appeal from the court's December 12, 2016 order, raising the following issue for our review:

> Did the trial court err in holding on summary judgment that the Estate of Grace M. Hartman was entitled to a surcharge judgment against [Ms. Miller] in the amount of $257,002.64 as a matter of law, and that no genuine issue of material fact in dispute existed?

Ms. Miller's brief at 4.

Before we may address the issue Ms. Miller has raised, we must consider the motion to quash this appeal filed by Attorney Loy on behalf of the Estate. The motion to quash was filed with this Court on February 24, 2017. On April 7, 2017, this Court issued an order denying the motion without prejudice to the Estate to allow it to again raise the quashal issue before this panel. In the appellate brief filed by Attorney Loy for the Estate, a request to quash Ms. Miller's appeal is included. The brief contains a compilation of the reasons for the request to quash, stating:

> [Ms.] Miller is prohibited from introducing any evidence at trial related to the specific surcharge requests made by [Attorney] Loy incidental to an Order of Court signed by the Court on October 18, 2016, as a result of the Court['s] granting the Motion in Limine filed by [Attorney] Loy on August 16, 2016. [Ms.] Miller did not appeal the October 18, 2016 Order. In addition, [Ms.] Miller failed to file any responsive pleading to the objections of [Attorney] Loy prior to the pleadings being closed

nor did [Ms.] Miller challenge the objections by filing preliminary Objection nor did [Ms.] Miller request additional time to file a responsive pleading to the objections from the Court or from counsel prior to the pleadings being closed.

Estate's brief at 16-17. Also see Motion to Quash, 2/24/17, (providing a more extensive discussion of the reasons given to quash this appeal).

Following our review, we are compelled to quash this appeal in that Ms. Miller has failed to establish that the order appealed from is a final order.

> The appealability of an order directly implicates the jurisdiction of the court asked to review the order. Estate of Considine v. Wachovia Bank, 966 A.2d 1148, 1151 (Pa. Super. 2009). "[T]his Court has the power to inquire at any time, sua sponte, whether an order is appealable." Id. Pennsylvania law makes clear:
>
>> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.[] § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).
>
> Stahl v. Redcay, 897 A.2d 478,485 (Pa. Super. 2006), appeal denied, 591 Pa. 704, 918 A.2d 747 (2007).
>
> In re Estate of Cella, 12 A.3d 374, 377-78 (Pa. Super. 2010) (some internal citations omitted).

In re Estate of Moskowitz, 115 A.3d 372, 388 (Pa. Super. 2015).

Under the circumstances here, our determination is guided by Pa.R.A.P. 341, which defines a final order. The pertinent portion of Rule 341 states:

Rule 341. Final Orders; Generally

- 4 -

(a) General rule.—Except as prescribed in paragraphs (d), and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

(b) Definition of final order.—A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) RESCINDED

(3) is entered as a final order pursuant to subdivision (c) of this rule.

(c) Determination of finality.—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) The trial court…is required to act on an application for a determination of finality under subdivision (c) within 30 days of entry of the order. During the time an application for a determination of finality is pending the action is stayed.

Pa.R.A.P. 341(a), (b), (c)(1).

Here, the order appealed from is not a final order in that it does not dispose of all claims and all parties. We are aware that "[i]n a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court." In re Estate of Borkowski, 794 A.2d 388, 390 (Pa. Super.

2002). Here, however, the surcharge petition filed against Attorney DeBor remains outstanding, with the order on appeal directing that the scheduled trial is to go forward. We are also aware that in In re Estate of Cherwinski, 856 A.2d 165, 167 (Pa. Super. 2004), the opinion provides that "where a decree orders the executor to charge himself in the account with a specified sum, this being equivalent to a surcharge, that decree is appealable." Regardless of this statement, we conclude that the Cherwinski case is distinguishable in that no pending surcharge petition against another fiduciary existed, as is the situation in the instant case. Therefore, Cherwinski does not apply to the circumstances before us. Moreover, the order is not an interlocutory order as of right (Pa.R.A.P. 311), an interlocutory order by permission (Pa.R.A.P. 1311) or a collateral order (Pa.R.A.P. 313) that could allow for an immediate appeal. Ms. Miller did not respond to the Motion to Quash in either a separate answer to the Motion or in her brief, where she simply provides a 1½ page argument directed at her reasons to support the issue she has raised on appeal. Accordingly, we conclude that we lack jurisdiction to entertain Ms. Miller's appeal and we grant the Estate's Motion to Quash.

Motion to Quash granted. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/28/2018