J-S68012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAMELA HAAS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY HAAS | : | |
| | : | |
| Appellant | : | No. 25 WDA 2018 |

Appeal from the Order Entered December 1, 2017
In the Court of Common Pleas of Greene County Civil Division at No(s):
AD-674-2013

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 11, 2019**

This appeal by Gregory Haas ("Husband") is not from a final order. Therefore, we are constrained to quash the appeal.

Husband and Pamela Haas ("Wife") married in 1994, separated in 2013, and divorced in 2016.  Divorce Complaint, 9/12/13; N.T., 6/15/15, at 4; Divorce Decree, 11/16/16.  The parties entered into a Marital and Property Settlement Agreement ("MSA" or "Agreement") on November 14, 2016, that was incorporated into the divorce decree on November 16, 2016.  MSA, 11/14/16.  The MSA anticipated the listing and division of marital and non-marital personal property within thirty days of the date of execution of the Agreement and provided for submission to the Master in Divorce for

_____
*   Former Justice specially assigned to the Superior Court.

disposition in the event the parties disagreed as to the nature of the property.[1] MSA, 11/11/16, at 10–11, ¶ B(4)(a) and (b). Regarding the marital residence, in exchange for the sum of $50,000 from Wife, Husband transferred his undivided one-half interest in the "above-ground property rights" of the residence, and the parties "share[d] equally in the subterranean interests including oil, gas and other mineral rights to said property on an equal basis." *Id*. at 8, ¶ B(1)(a) and (b).

Over the course of the ensuing ten months, the trial court entered twelve orders in response to myriad filings by the parties.[2] Husband deposed Wife on March 24, 2017, regarding marital and non-marital property. On September 6, 2017, Wife filed a notice of appeal from an August 28, 2017 order that enforced a June 14, 2017 order requiring Wife to sign a qualified domestic relations order ("QDRO") "without . . . first having . . . a Master's Hearing . . . ." Notice of Appeal, 9/6/17.[3] Wife filed a *Praecipe* to Discontinue the Appeal on September 29, 2017, and this Court discontinued the appeal

---

[1] Both parties engaged expert personal-property appraisers at the marital residence. Husband's appraisal was conducted by Steve Yilt on August 10, 2016, and Wife's occurred on January 22, 2016, by Behm Auctioneers. Husband's Brief at 11–12; Wife's Brief at 6–7.

[2] Orders, two on 2/16/17; 2/22/17; 3/8/17; 6/7/17; three on 6/14/17; 6/20/17; 7/19/17; 8/21/17; and 8/29/17.

[3] The appeal was docketed to 1290 WDA 2017.

that same day and remitted the record to the Greene County Court of Common Pleas.

The trial court held a hearing on September 7, 2017, and continued to September 29, 2017. On December 1, 2017, the trial court entered an order interpreting the MSA regarding a horse trailer, a John Deere tractor, an i-Pad, coins, and computer, and three deceased horses. Specifically, in its order and opinion, the trial court determined, in pertinent part, that 1) Wife's horse trailer was "not subject to division by the Master as personal property"; 2) the tractor was damaged prior to separation and "neither party is entitled to a set[-]off for the damage; 3) "neither Wife nor her counsel . . . are responsible for the condition of Husband's computer or the whereabouts of the [i]-Pad, **but Husband was permitted "to advance evidence at the Master's Hearing as to his claim for the value of the coins"**; and 4) Husband's allegations that Wife stole drugs from her employer "for the purpose of poisoning [Husband] and the horses in her possession" were not credible, **but "Husband shall be allowed to advance evidence at the Master's Hearing as to . . . his claim for the value of [the deceased] horses.**" Opinion and Order, 12/1/17, at unnumbered 2–3 (emphases added). Husband filed a notice of appeal from this order to this Court on December 29, 2017; both Husband and the trial court complied with Pa.R.A.P. 1925.

Husband raises the following issues in his brief on appeal:

> A. Whether the Trial Court erred and/or abused its discretion in modifying the parties' October 20, 2016 Marriage and

Property Settlement Agreement ("MSA") and Final Divorce Decree by miscategorizing the horse trailer as a motor vehicle and not personal property, and in awarding Wife the horse trailer without request or petition by disregarding testimony and evidence presented by Husband at the trial on September 7, 2017 and September 29, 2017.

B. Whether the Trial Court erred and/or abused its discretion in finding that the damage to the John Deere tractor occurred prior to the separation of the parties and that neither party is entitled to an offset for the damage, despite credible testimony and evidence presented by Husband at the trial on September 7,2017 and September 29, 2017 that said tractor was intact/undamaged at the time of the August 2016 inventory of the parties' personal property.

C. Whether the Trial Court erred and/or abused its discretion in finding that neither Wife nor her counsel . . . were responsible for the condition of Husband's computer or the whereabouts of his [i-P]ad and coin collection by disregarding testimony and evidence presented by Husband at the trial on September 7, 2017, showing that Wife and/or Wife's counsel misappropriated said personal property.

D. Whether the trial court erred and/or abused its discretion in failing to find that Wife stole Succinylcholine from her employer with the intention of doing harm to either Husband or the parties' horses, despite the testimony and evidence presented by Husband at the trial on September 7, 2017 and September 29, 2017.

E. Whether the Trial Court erred and/or abused its discretion in failing to find that Husband sustained damages in the amount of $50,000.00 in counsel fees as a direct result of the actions of Wife and/or Wife's counsel, by disregarding the weight of the testimony and evidence presented by Husband on September 7, 2017 and September 29, 2017.

Husband's Brief at 9–10 (underline deleted).

Before we address the underlying merits of Husband's issues, we must determine whether the trial court's order is appealable. ***In re Miscin***, 885

A.2d 558, 560-561 (Pa. Super. 2005). "The question of the appealability of an order goes directly to the jurisdiction of the [c]ourt asked to review the order." ***Moyer v. Gresh***, 904 A.2d 958, 963 (Pa. Super. 2006). ***See also In re Estate of Borkowski***, 794 A.2d 388, 389 (Pa. Super. 2002) (observing that the threshold question of the appealability of an order affects the jurisdiction of this Court over the case). As a general rule, an appeal can be taken only from a final order. ***Estate of Borkowski***, 794 A.2d at 389. No appeal will be permitted from an interlocutory order unless specifically provided for by statute. ***Id***.

It is well settled that an appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). ***See Pace v. Thomas Jefferson University Hospital***, 717 A.2d 539, 540 (Pa. Super. 1998) (discussing the appealability of orders).

The instant order appealed is not a final order. Pennsylvania Rule of Appellate Procedure 341 defines final orders as follows:

> **(a) General rule.** Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of Final Order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED

(3)　is entered as a final order pursuant to paragraph (c) of this rule.

**(c)　Determination of finality.**　When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.　Such an order becomes appealable when entered.　**In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order**.　. . .

Pa.R.A.P. 341 (emphasis added).　Thus, pursuant to Rule 341, an order is final if it disposes of all claims and all parties or if a statute expressly defines it as final.　Clearly, as the December 1, 2017 order does not dispose of all claims, it is not final.[4]　The December 1, 2017 order, in response to several pre-Master Hearing motions, clearly contemplated subsequent proceedings before a Master to resolve claims related to the value of the coins and the deceased horses.

Moreover, the order on appeal is not an interlocutory order that is appealable as of right.　Pennsylvania Rule of Appellate Procedure 311 addresses "interlocutory appeals as of right."　In *Sneeringer v. Sneeringer*, 876 A.2d 1036, 1037 (Pa. Super. 2005), we ruled that where the trial court had not resolved several ancillary issues related to the divorce action, the

---

[4]　If quashal of the appeal were not required, we would affirm on the Order and Opinion filed December 1, 2017.

order appealed was interlocutory and not appealable as of right. While a divorce decree was entered in the instant case, unlike in **Sneeringer**, the instant trial court contemplated further proceedings to complete resolution of Husband's claims.

Nor has Husband sought permission to appeal from the interlocutory order. Pennsylvania Rule of Appellate Procedure 312 addresses "interlocutory appeals by permission." Such permission must be sought from and granted by the appellate court under the rules set forth in Chapter 13 of the Rules of Appellate Procedure. Our review of the record reflects that Husband never sought permission from this Court to appeal from the order in question. Consequently, no permission was granted allowing the appeal. Therefore, Rule 312 is not applicable to this matter.

Finally, we look to Pa.R.A.P. 313, which permits appeals as of right from collateral orders. Pa.R.A.P. 313(a); **J.S. v. Whetzel**, 860 A.2d 1112, 1116 (Pa. Super. 2004). For an order to be appealable under Rule 313(b), it must satisfy the three factors identified in the rule: "(1) the order is separable from the main cause of action; (2) the right involved is too important to be denied review; and (3) the claim would be irreparably lost if review is postponed." **Whetzel**, 860 A.2d at 1116 (citing **Ben v. Schwartz**, 729 A.2d 547 (Pa. 1999); Pa.R.A.P. 313(b)).

An order is "separable" from the main cause of action if it is capable of review without considering the underlying merits of the case. **Crum v.**

*Bridgestone/Firestone N. Am. Tire, LLC*, 907 A.2d 578, 583 (Pa. Super. 2006). Second, the "importance prong" is satisfied if the interests that potentially go unprotected without immediate appellate review are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule. *Id*. Moreover, "it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id*. (quoting *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003)). To satisfy the third factor, an issue must actually be lost if review is postponed. *Keefer v. Keefer*, 741 A.2d 808, 813 (Pa. Super. 1999). "All three elements must be satisfied to permit review of an interlocutory appeal under the collateral order rule." *Estate of Moskowitz*, 115 A.3d at 389 (quoting *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004)).

We are mindful that orders are not deemed to be collateral orders liberally. The Pennsylvania Supreme Court noted:

> The United States Supreme Court has stated that the "collateral order doctrine" must be narrowly applied lest it be allowed to swallow the general rule, *Digital Equipment Corporation* [*v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)], and has characterized the requirements for an appealable collateral order as "stringent." *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989). Although in Pennsylvania the doctrine has been reduced from case law and set forth in our Rules of Appellate Procedure as establishing a class of orders that may be appealed as of right, it nevertheless remains a specialized, practical application of the general rule that only final orders are appealable as of right.

> Accordingly, we find it appropriate to interpret Rule 313 narrowly. Claims must be analyzed not with respect to the specific facts of the case, but in the context of the broad public policy interests that they implicate. Only those claims that involve interests "deeply rooted in public policy," **Digital Equipment Corp.**, 511 U.S. at 884 [], can be considered "too important to [be] denied review."

**Geniviva v. Frisk**, 725 A.2d 1209, 1214 (Pa. 1999).

The order appealed does not meet all three prongs necessary to establish a collateral order. Our review of the record reflects that the order on appeal is interrelated with the underlying merits of the pending challenges brought by Husband. Moreover, analyzing Husband's claims in the context of broad public policy interests, we cannot say that his claims involve interests deeply rooted in public policy. Consequently, the first two factors are not met in this case. Accordingly, because all three factors must be present, and the order before us fails to satisfy factors one and two, we conclude that the instant appeal is not taken from a collateral order.

Thus, our review of the record compels our conclusion that the order under review in the instant case is not a final order, an order certified as final, an interlocutory order appealable as of right, an interlocutory order appealable by permission, or an appealable collateral order. Consequently, we conclude that this appeal is not properly before this Court. Accordingly, the appeal is hereby quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/11/2019</u>