**[J-25A-2019 and J-25B-2019] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: ESTATE OF SOPHIA M. KRASINSKI, A/K/A SOPHIA KRASINSKI A/K/A SOFIA KRASINSKY, LATE OF MORRISDALE, (COOPER TOWNSHIP) CLEARFIELD COUNTY, PENNSYLVANIA DECEASED ON 11/04/2006 | : : : : : : : : : : : : : : : : | No. 40 WAP 2018<br><br>Appeal from the Order of the Superior Court entered May 15, 2018 at No. 1289 WDA 2015, affirming in part, reversing in part and vacating in part the Order of the Court of Common Pleas of Clearfield County entered July 16, 2015 at No. 1707-0003, and remanding. |
| APPEAL OF: PATRICIA KRASINSKI-DUNZIK | | ARGUED: April 9, 2019 |
| IN RE: ESTATE OF SOPHIA M. KRASINSKI A/K/A SOPHIA KRASINSKI A/K/A SOPHIA KRASINSKY LATE OF MORRISDALE (COOPER TOWNSHIP), CLEARFIELD COUNTY, PENNSYLVANIA DECEASED NOVEMBER 4, 2006 | : : : : : : : : : : : : : : : : | No. 41 WAP 2018<br><br>Appeal from the Order of the Superior Court entered May 15, 2018 at No. 1265 WDA 2015, affirming in part, reversing in part and vacating in part the Order of the Court of Common Pleas of Clearfield County entered July 16, 2015 at No. 1707-0003, and remanding. |
| APPEAL OF: PATRICIA KRASINSKI-DUNZIK | | ARGUED: April 9, 2019 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: OCTOBER 31, 2019**

I concur in the result. I write separately to acknowledge what is, in my view, an ongoing procedural dilemma posed by the majority's decision to disapprove *In re Estate of Stricker*, 977 A.2d 1115 (Pa. 2009), *In re Estate of Ash*, 73 A.3d 1287 (Pa. Super. 2013), and *Estate of Cherry*, 111 A.3d 1204 (Pa. Super. 2015). *See* Majority Opinion, slip op. at 20 & n.11.

In *Stricker*, *Ash*, and *Cherry*, as the majority aptly describes, the orders unsuccessfully sought to be appealed each involved the authorization (or lack thereof) of a **future** sale of property by an estate. In *Stricker* and *Ash*, the orphans' court compelled the estate to proceed with the sale of property to specifically identified buyers; in *Cherry*, the court refused to authorize any future sale. *See Stricker*, 977 A.2d at 1117; *Ash*, 73 A.3d at 1289; *Cherry*, 111 A.3d at 1206. Notwithstanding the post-*Stricker* amendments to Pa.R.A.P. 342, *Cherry* additionally relied on over 100 years of jurisprudence to deduce that such prospective orders regarding future sales, which do not resolve a dispute over who has a property interest, do not actually "determin[e] an interest in real or personal property" as anticipated by Rule 342(a)(6), and are thus not immediately appealable unless certified by the orphans' court. *See Cherry*, 111 A.3d at 1208, *citing T.C.R. Realty, Inc. v. Cox*, 372 A.2d 721, 724 (Pa. 1977) (fundamental law that only final orders may be appealed "unless otherwise expressly permitted by statute"); *In re Maslowski's Estate*, 104 A. 675, 675 (Pa. 1918) (appeal from order directing estate administrator to sell real estate belonging to decedent is interlocutory and must be quashed); *In re Estate of Habazin*, 679 A.2d 1293, 1295 (Pa. Super. 1996) (citing *Maslowski's Estate*); *Appeal of Snodgrass*, 96 Pa. 420, 421 (Pa. 1880) (order directing sale of real estate for payment of decedent's debts is not definitive and thus not appealable).

Here, in contrast, appellant Dunzik seeks to appeal an order which relates to a sale of property which has already occurred, and incorporates the proposed deeds containing the particular details of each parcel and its new owner. I thoroughly agree with the majority that this April 30, 2013 order determined an interest in property and was immediately appealable pursuant to Rule 342(a)(6), therefore Dunzik's failure to appeal it within thirty days waived her challenges to the sale. However, by overruling *Stricker*, *Ash*, and *Cherry*, and further invalidating predecessor cases regarding the unappealable

quality of orders authorizing future sales of property by an estate, the majority's reasoning would also appear to extend to the orphans' court order dated March 22, 2011, which granted the Executor's petition to permit a private sale of the property. Consequently, Dunzik would have waived all of her claims to the property by not raising them in an appeal of that order, and her attempts to challenge the property sale could, plausibly, have been quashed on such a basis despite the existence of any intervening facts (*e.g.*, alleged misrepresentation by the Executor regarding the logistics of the sale) which might have impacted the success of her challenge at a later time.

Thus, in my view, the majority's analysis does not clearly explicate at what point an order regarding an estate's sale of property determines an interest in property, and leaves open to question whether an orphans' court's general directive authorizing an estate to sell property at some point in the future — for example, the March 2011 orphans' court order in this case — does definitively determine an interest in the property such that any subsequent claims to the property are waived if not appealed within thirty days. I anticipate this point of uncertainty will serve to undermine the "orderly administration of estates" envisioned by the rules committee in drafting the Rule 342 amendments. Pa.R.A.P. 342, Note.

Accordingly, while I do not endorse the majority's decision to disapprove, rather than to distinguish, *Stricker*, *Ash*, and *Cherry*, I nevertheless agree with the majority's application of Rule 342(a)(6) to the specific facts of this case, as well as its conclusion the April 30, 2013 order, which placed the orphans' court's seal of approval on a sale of property that had already taken place, determined an interest in property and any claims against it were therefore waived as not raised within the applicable time period.

Justice Baer joins this concurring opinion.