J-A01010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| MONA BURKE | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN B. BURKE | : | No. 1064 EDA 2025 |

Appeal from the Order Entered April 3, 2025
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2022-007177

BEFORE: DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED DECEMBER 9, 2025**

Appellant, Mona Burke ("Wife"), appeals *pro se* from the April 3, 2025[1] order entered in the Court of Common Pleas of Delaware County that found her in contempt of a January 31, 2025 court order, ordered her to pay $1,533.50 in counsel fees to Damien B. Burke ("Husband"), and ordered that the counsel fees should be deducted from Wife's share of the marital estate in the form of a credit to be determined at a later date. Because the April 3, 2025 order is interlocutory, we quash this appeal.

A detailed factual and procedural history is unnecessary to our disposition. Relevant to this appeal, the parties are involved in divorce proceedings. On January 31, 2025, the court ordered Wife to electronically transfer $48,750.00 to Husband within five days from the marital 529

_____

[1] The order is dated April 1, 2025, but the court did not docket the order until April 3, 2025.

education account held in Wife's name. On February 11, 2025, Husband filed an Emergency Petition for Contempt and on March 19, 2025, after a hearing, the court granted Husband's petition, held Wife in contempt, ordered that Husband was the sole owner of the 529 education account, and ordered Wife to comply with the January 31, 2025 order to transfer funds.[2] Order, 3/19/25. On April 3, 2025, the court once again found Wife in contempt, ordered her to pay $1,533.50 in counsel fees to Husband, and ordered that the counsel fees be deducted from Wife's share of the marital estate at a later date in the form of a credit to be determined in a final equitable distribution. Order, 4/3/25. Wife timely appealed and raises several issues for our review.

Before addressing the merits of this appeal, we must determine whether the court's April 3, 2025 order is final and appealable. "We may raise the issue of appealability *sua sponte* because it affects our jurisdiction over the case." **In re Est. of Borkowski**, 794 A.2d 388, 389 (Pa. Super. 2002). With limited exceptions, this Court will only consider appeals from final orders. Pa.R.A.P. 341(a). "In order to avoid piecemeal litigation, no appeal will be permitted from an interlocutory order unless specifically provided for by statute." **Borkowski**, 794 A.2d at 389 (citation omitted).

_____

[2] Wife attempted to appeal the March 19, 2025 contempt order and this Court quashed the appeal because the order did not impose sanctions and, therefore, was interlocutory. **See Richardson v. Richardson**, 774 A.2d 1267, 1268 n.2 (Pa. Super. 2001) (adjudication of contempt, with a directive to specifically perform, without sanctions, is interlocutory and not appealable).

It is well settled that "[a]n order finding a party in contempt for failure to comply with a prior order of court is final and appealable if sanctions are imposed." *Glynn v. Glynn*, 789 A.2d 242, 246 (Pa. Super. 2001) (*en banc*). Moreover, "[t]he imposition of counsel fees can serve as a sanction upon a finding of civil contempt." *Thomas v. Thomas*, 194 A.3d 220, 226 (Pa. Super. 2018) (citation omitted). However, "for a contempt order to be properly appealable, it is necessary that the order impose sanctions on the contemnor **and that no further court order be required before the sanctions take effect**." *Porter v. Nikita Lodging, Inc.*, 274 A.3d 1272, 1282 (Pa. Super. 2022) (citation and quotation marks omitted; emphasis in original). "[U]ntil sanctions are actually imposed, an [o]rder declaring a party in contempt is interlocutory and not appealable." *In re Est. of DiSabato*, 165 A.3d 987, 993–94 (Pa. Super. 2017) (citation omitted).

Instantly, the April 3, 2025 order compels sanctions in the form of counsel fees but does not order the sanctions to be imposed until the final equitable distribution order is determined. Because the April 3, 2025 contempt order imposes sanctions that require an additional court order before the sanctions take effect, the order is interlocutory. Accordingly, this Court lacks jurisdiction and we are constrained to quash the appeal.[3]

Appeal quashed. Jurisdiction relinquished. The Prothonotary is directed to strike this case from the January 5, 2026 argument list.

_____

[3] In light of our disposition, Husband's December 2, 2025 application for continuance of oral argument is denied as moot.

Judgment Entered.

*Benjamin D. Kohler*
_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/9/2025</u>