## In re ESTATE of Thomas P. ALLEN, Deceased.

Superior Court of Pennsylvania.

Argued Aug. 20, 2008.

Filed Oct. 30, 2008.

John P. Donovan, Oakmont, for appellant.

Gregory A. Evashavik, Pittsburgh, for appellee.

BEFORE: LALLY–GREEN, TAMILIA and COLVILLE*, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This appeal by Eleanor J. Kim ("the Executrix") arises from the order directing her to reimburse the Estate of Thomas P. Allen ("the Estate") for taxes paid from the residue of the Estate on non-probate assets that became her property on the death of Thomas P. Allen ("the Decedent"). We affirm.

### Facts

¶ 2 The Decedent's will made several specific bequests to the Executrix and named the Decedent's son as the residual beneficiary. It appears that, prior to the Decedent's death, he and the Executrix held certain assets as joint tenants with rights of survivorship. During the administration of the Estate, the Executrix used the residuary assets to pay the inheritance taxes, including the taxes on the aforesaid non-probate property passing to her. After the Executrix filed a first and final account, the Decedent's son filed exceptions to, *inter alia*, the use of residual funds to pay the taxes on the non-probate assets.

¶ 3 The orphans' court granted this exception and ordered the Executrix to reimburse the estate for taxes paid on the non-probate assets that passed to her. Additionally, the court ordered the Executrix to file an amended first and final account, petition for distribution and proposed decree in accordance with the court's decision.

¶ 4 The record does not reflect that the Executrix filed an amended first and final account. However, the Executrix filed exceptions to the court's order. The court did not rule on those exceptions. Eventually, the Executrix filed this appeal.

### Timeliness

¶ 5 We first address, *sua sponte*, the timeliness of this appeal because, if the appeal is late, we have no jurisdiction to entertain it. *In re Adoption of W.R.*, 823 A.2d 1013, 1015 (Pa.Super.2003). The court's order directing the Executrix to reimburse the estate was entered on April 4, 2007. The Executrix's exceptions thereto were timely filed on April 23, 2007. *See* Pa.O.C.R. 7.1(a) (setting twenty-day time limit for exceptions). The court issued no ruling on the exceptions. Accordingly, they were deemed denied by operation of law on the 121st day after their filing, specifically August 22, 2007. *See* Pa. O.C.R. 7.1(f) (setting time frame for denial by operation of law). On that day, the thirty-day appeal period set by Pa.R.A.P. 903(a) began to run. Pa.O.C.R. 7.1(f). The Executrix filed this appeal on September 20, 2007, within the thirty-day time limit. Thus, this appeal is timely.

### Appealability of Order

¶ 6 The issue of jurisdiction also leads us to consider whether the order in question is appealable because, if it is not, we have no jurisdiction. *In re Estate of Borkowski*, 794 A.2d 388, 389 (Pa.Super.2002). In a case involving a decedent's estate, confirmation of the final account is normally the final, appealable order, subject to exceptions being filed and resolved by the orphans' court. *In re Estate of Cherwinski*, 856 A.2d 165, 166–67 (Pa.Su-

* Retired Senior Judge assigned to the Superior Court.

per.2004). Here, the Executrix did not file an amended first and final account as directed by the court and, consequently, the court did not issue an order confirming an account for the Estate. Thus, it initially appears as though there is no final order subject to appeal and this appeal should be quashed. *Borkowski*, 794 A.2d at 391. However, this Court has held that an order surcharging a personal representative is final and immediately appealable. *Cherwinski*, 856 A.2d at 167. Accordingly, we find the order directing the Executrix to reimburse the Estate is a proper order for our review at this time.

### *Tax Liability*

■ ¶ 7 The substantive controversy in this case concerns the effect of the tax clause in the Decedent's will. This controversy involves a question of law and, as such, our review is plenary. *In re Estate of Jones,* 796 A.2d 1003, 1006 n. 1 (Pa.Super.2002).

¶ 8 The clause in question reads as follows:

> I direct my Executor to pay all inheritance, transfer, estate and similar taxes (including interest and penalties) assessed or payable by reason of my death on any property or interest in property which is included in my estate for the purpose of computing taxes. My Executor shall not require any beneficiary under this Will to reimburse my estate for taxes paid on property passing under this Will.

Last Will and Testament, 05/17/94, at 1.

■ ¶ 9 Absent a contrary intent expressed in the decedent's will and except as otherwise provided by statute, the ultimate liability for inheritance tax is upon the transferee. 72 P.S. § 9144(f). Before the language of a tax clause in a will can be said to alter this liability, the language must be "unambiguous and open to no other interpretation." *In re Estate of Erieg,* 439 Pa. 550, 267 A.2d 841, 845 (1970).

■ ¶ 10 The second sentence of the aforesaid tax clause applies by its terms to property passing under the Decedent's will. The property at issue in this case did not pass via the will. Thus, the second sentence of the tax clause is not relevant to that property.

¶ 11 As to the first sentence of the tax clause, it instructs the Executrix to pay the taxes assessed by reason of the Decedent's death on all his interests in property included in his estate for the purposes of tax computation. The jointly held assets, while non-probate items, were nonetheless subject to inheritance taxes assessed by reason of the Decedent's death. *See* 72 P.S. §§ 9106, 9108. Thus, pursuant to the first sentence of the tax clause, the Executrix, when filing the tax returns, was directed to pay all such taxes due.

¶ 12 The first sentence of the tax clause does not, however, designate the fund from which those taxes were to be paid. There is no unambiguous directive that the Executrix was to use funds from the residuary estate to pay taxes on property passing outside of the will-specifically, by survivorship. Put another way, there is no unambiguous language shifting the tax liability for non-probate joint property from the surviving tenant to the residual beneficiary. *Contrast Jones,* 796 A.2d at 1006 (finding will language sufficiently clear to overcome statutory scheme for apportionment of taxes where tax clause provided that inheritance taxes be paid from principal of residuary estate, including taxes attributable to property passing outside of will).

¶ 13 Accordingly, taking the first sentence to have the rather obvious meaning that the Executrix had the obligation to file tax returns and secure the payment of all taxes arising from the Decedent's death

does not necessarily mean that the Executrix was to take money from the residual estate to pay taxes on property passing by survivorship. Rather, a contrary meaning could be that the Executrix, while paying the taxes, was to secure or utilize funds for payment from the surviving tenant-namely, herself-for the jointly held property. Thus, consistent with 72 P.S. § 9144(f), she would be liable for her own share of taxes for the non-probate property she received. Indeed, as a result of the orphans' court's order, the end result of this case is exactly that: taxes for the property passing by survivorship were paid by the surviving tenant.

¶ 14 Based on the foregoing discussion, we find the tax clause at issue does not unambiguously alter the tax burden set by statute. Accordingly, we affirm the order of the orphans' court.

¶ 15 Order affirmed.