J-A13026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF BASIL A. MARRYSHOW, DECEASED ** | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| FLOY WRIGHT | |
| v. | |
| ESTATE OF BASIL A. MARRYSHOW | |
| APPEAL OF: FLOY WRIGHT, OBJECTOR | |
| | No. 1146 WDA 2015 |

Appeal from the Order entered July 1, 2015
In the Court of Common Pleas of Allegheny County
Orphans' Court at No: 02-11-01997

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 01, 2016**

Appellant, Floy Wright, appeals from the order entered on July 1, 2015 in the Orphans' Court Division of the Allegheny County Court of Common Pleas, denying her exceptions to the trial court's February 11, 2015 order. The February 11 order denied Appellant's objections to the First and Partial Account of Karen Marryshow, Executrix of Appellee, the Estate of Basil A. Marryshow ("the Estate").  Following review, we reverse.

In its February 11, 2015 order, the trial court made the following Findings of Fact:

1. On October 5, 1988, the Decedent, Basil A. Marryshow, and [Appellant] purchased real property located in McCandless, Allegheny County, Pennsylvania.

2. The Decedent and [Appellant] owned the property as joint tenants with the right of survivorship.

3. On August 26, 1992, the Decedent and [Appellant] entered into a written agreement [("1992 Agreement" or "Agreement")] regarding the property.

4. Section XI of the Agreement, "EFFECT OF DEATH OF PARTIES" states, in part:

   If Basil dies at a time when the parties are living together in the Residential Dwelling, title to the Realty passes to Floy as an incident of their joint tenancy with right of survivorship, under and subject to liens and encumbrances for which the parties are jointly liable. Not later than thirty (30) days after letters of administration or letters testamentary have been issued to the personal representative of Basil, such personal representative shall pay, in full: (1) any person or entity who or which held a lien against only the interest of Basil in the Realty (2) any transfer, inheritance or death taxes due any governmental entity which could be a lien against the Realty or any part thereof . . . [.]

5. The Agreement was recorded with the Recorder of Deeds of Allegheny County, at DBV 12605, Page 606.

6. On December 1, 2009, the Decedent executed his Last Will and Testament that directs in Item II, as follows:

   I direct my Executor to pay all inheritance, transfer, estate and similar taxes (including interest and penalties) assessed or payable by reason of my death on any property or interest in property which is included in my estate for the purposes of computing taxes. My Executor shall not require any beneficiary under this Will to reimburse my estate for taxes paid on property passing under this Will.

7. The Decedent passed away on March 15, 2011.

8. At the time of Decedent's death, parties were living together at the McCandless property.

9. On March 29, 2011, Letters Testamentary were issued to the Decedent's daughter[, Karen Marryshow].

10. On July 2, 2014, the parties filed a "Statement in Lieu of Brief" stating that they had reached an agreement as to the payment of taxes.

11. On July 28, 2014, [Appellant] secured new counsel.

12. On September 12, 2014, [Appellant] filed Objections to the First and Partial Account.

13. In said objections, [Appellant] raised the Estate's failure under the Agreement to pay inheritance tax on the property.

Trial Court Order, 2/11/15, at 1-2.

In her brief, Appellant provides supplemental factual information that amplifies the trial court's findings. Specifically, the "Statement in Lieu of Brief," referenced in ¶ 10 of the Findings of Fact, was an agreement based upon the language of Decedent's Will and this Court's decision in *In re Estate of Allen*, 960 A.2d 470 (Pa. Super. 2008), which held that inheritance tax on jointly-owned property is the exclusive responsibility of the surviving tenant, *i.e.*, Appellant in this instance. Appellant's Brief at 7. Appellant subsequently secured new counsel who filed objections to the First and Partial Account filed by the Executrix. In those objections, Appellant asserted that the existence of the 1992 Agreement raised a contract claim against the Estate, which was required to pay inheritance tax on the Realty pursuant to the Agreement. *Id.*; Findings of Fact, ¶4.

The Estate countered that Appellant's objection was barred by the July 2, 2014 agreement memorialized in the Statement in Lieu of Brief, which reflected that **Allen** controls and requires the surviving tenant to pay the inheritance tax on jointly-owned non-probate assets. The Estate also raised affirmative defenses of res judicata, detrimental reliance, release, bad faith, and breach of agreement. Appellee's Brief at 9-17.

The trial court also offered Conclusions of Law in its February 11, 2015 Order. The trial court first set forth the text of 72 P.S. § 9144(f), which provides that "[i]n the absence of a contrary intent appearing in the will or other instrument of transfer and except as otherwise provided in this section, the ultimate liability for the inheritance tax, including interest, shall be upon each transferee." Trial Court Order, 2/11/15, at 2.

The trial court determined:

> The 1992 Agreement and the Decedent's Will are clear as to the Decedent's intention as to taxes. However, there are no unambiguous directives in either document that the Executrix was to use funds from the residuary estate to pay taxes on property passing outside of the Will. "Put another way, there is no unambiguous language shifting the tax liability for non-probate joint property from the surviving tenant to the residual beneficiary." **In re Estate of Allen**, 960 A.2d 470, 472 (Pa. Super. 2008); **See, e.g., In re Estate of Fleishman**, 388 A.2d 1077 (Pa. 1978) (tax clause in will directing that all death taxes be paid out of the principal of the residuary estate overcame statutory scheme of apportionment of death taxes); **Audenried's Estate**, 376 Pa. 31, 101 A.2d 721 (Pa. 1954) (same).

**Id.** at 2-3. Based on its conclusions of law, the trial court overruled Appellant's objection and her claim based upon the 1992 Agreement

between Appellant and the Decedent. By Order entered July 1, 2015, the trial court denied Appellant's exceptions to the trial court's February 11, 2015 order. This timely appeal followed. The trial court did not order the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and did not issue a separate opinion pursuant to Pa.R.A.P. 1925(a).[1]

Appellant presents three issues for our consideration:

1. Whether 72 P.S. § 9144(f) is determinative of the issue when the claim against the Estate arises, not through a Will or other instrument of transfer, but through a separate, recorded written Agreement.

2. Whether the Agreement at issue creates a contract claim against the Estate payable with Estate assets.

3. Whether the objection was barred by res judicata and/or detrimental reliance.

Appellant's Brief at 4.

As this Court recently reiterated:

_____

[1] In response to an inquiry from this Court concerning the filing of a Rule 1925(a) opinion, the trial judge responded:

I am writing regarding filing an Opinion in the above appeal. Pursuant to "Pa.R.A.P." Rule 1925(a)(1), the place in the record where the reasons for the entry of the order appealed can be found, is the Findings of Fact, conclusions of Law and Order of Court filed on February 11, 2015 (ATTACHED)."

Trial Court Correspondence, 8/20/15, at 1.

Our standard of review is as follows:

> Our standard of review of the findings of an Orphans'
> Court is deferential.
>
> > When reviewing a decree entered by the Orphans'
> > Court, this Court must determine whether the record
> > is free from legal error and the court's factual
> > findings are supported by the evidence. Because the
> > Orphans' Court sits as the fact-finder, it determines
> > the credibility of the witnesses and, on review, we
> > will not reverse its credibility determinations absent
> > an abuse of that discretion.
> >
> > However, we are not constrained to give the same
> > deference to any resulting legal conclusions.
>
> *In re Estate of Harrison*, 745 A.2d 676, 678[] (Pa.
> Super. 2000), *appeal denied,* 563 Pa. 646, 758 A.2d 1200
> (2000) (internal citations and quotation marks omitted).
> "The Orphans' Court decision will not be reversed unless
> there has been an abuse of discretion or a fundamental
> error in applying the correct principles of law." *In re
> Estate of Luongo*, 823 A.2d 942, 951 (Pa. Super. 2003),
> *appeal denied,* 577 Pa. 722, 847 A.2d 1287 (2003).

*In re Estate of Whitley*, 50 A.3d 203, 206–207 (Pa. Super.
2012).

This Court's standard of review of questions of law is *de novo,*
and the scope of review is plenary, as we may review the entire
record in making our determination. *Kripp v. Kripp*, 578 Pa.
82, 849 A.2d 1159, 1164 n. 5 (2004). When we review
questions of law, our standard of review is limited to determining
whether the trial court committed an error of law. *Kmonk–
Sullivan v. State Farm Mutual Automobile Ins. Co.*, 746
A.2d 1118, 1120 (Pa. Super. 1999) (*en banc*).

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016).

- 6 -

In her first two issues, Appellant contends that the 1992 Agreement trumps the provisions of 72 P.S. § 9144(f)[2] and this Court's **Allen** decision. As noted above, she asserts that the Agreement gives rise to a contract claim against the Estate for payment of the inheritance taxes on the Realty. Because Appellant's first two issues as presented are interrelated, we shall consider them together.

Appellant argues that 72 P.S. § 9144(f) is limited to "wills and other instruments of transfer," and that the 1992 Agreement is neither of those things. She contends that the Agreement is a separate contractual agreement that "simply articulates the rights and obligations of the parties with respect to their joint interest in the Residence," as reflected in one of the recitals to the 18-page Agreement that states, "Floy and Basil intend by this Agreement to define their respective rights and obligations in and as to the Realty, which term shall sometimes hereinafter include the Dwelling." Appellant's Brief at 10 (quoting Agreement, 8/26/92, at 2, ¶ I.E.). She asserts that the Agreement required the Estate to pay the inheritance tax and that "[t]he Agreement did not modify the law that places the initial inheritance tax burden upon the Objector but created a separate contractual

_____

[2] Section 9144(f) provides, "In the absence of a contrary intent appearing in the will or other instrument of transfer . . ., the ultimate liability for the inheritance tax, including interest, shall be upon each transferee.

obligation which requires the Estate to pay that tax." Exceptions to Order Entered February 11, 2015, 2/27/15, at 5, ¶ 15. We agree.

Without question, absent the Agreement, Appellant would be obligated to pay the inheritance tax as the surviving tenant. ***See Allen, supra***. However, the 1992 Agreement clearly reflects the intent of the parties that the respective personal representative of whichever party died first—if the parties were cohabitating in the Residential Dwelling—"**shall** pay, in full . . . any . . . inheritance . . . taxes [that] could be a lien against the Realty or any part thereof[.]" Agreement, 8/26/92, at 12-13, ¶ XI (emphasis added).

As Appellant suggests, the statutory language of § 9144(f), imposing "the ultimate liability for the inheritance tax . . . upon the transferee," is limited by its terms to "wills and other instruments of transfer." 72 P.S. § 9144(f). The 1992 Agreement is neither. Moreover, the property in question did not pass under the Will but, rather, by operation of law as property jointly held with rights of survivorship, and the obligation to pay inheritance tax on that property was determined by contract, *i.e.*, the 1992 Agreement. In addition, that Agreement required that any modification or additional obligation assumed by either party in connection with the Agreement be in writing and signed by both parties. Agreement, 8/26/02, at 17, ¶ XVII. No such writing exists and Decedent's Will, which was not signed by Appellant, does not constitute a modification of the Agreement.

The 1992 Agreement is appropriately classified as a contract concerning succession governed by 20 Pa.C.S.A. § 2701, which provides, in relevant part, that "[a] contract . . . to make . . . an obligation dischargeable only at or after death can be established in support of a claim against the estate of a decedent only by . . . (3) a writing signed by the decedent evidencing the contract." 20 Pa.C.S.A. § 2701(a). The Agreement is a writing signed by the Decedent evidencing a contract that operates to shift the obligation for payment of inheritance tax from the transferee to the Estate. Because we find the trial court committed error of law by ignoring the terms of the 1992 Agreement and finding Appellant liable for inheritance tax on the Realty, we reverse the trial court's order and remand for further proceedings consistent with this Memorandum.[3]

Order reversed. Case remanded. Jurisdiction relinquished.

---

[3] Our disposition of Appellant's first two issues renders her third issue moot. However, to the extent Appellant asserted her objections were not barred by the affirmative defenses of res judicata and detrimental reliance raised by the Estate, we agree. Res judicata does not apply because the cause of action she espouses arises from a contract, *i.e.*, the 1992 Agreement, rather than under the Will. Therefore, there is no identity of the cause of action. Further, the Estate has not demonstrated that it relied to its detriment on Appellant's initial misconception that her liability was established by Decedent's Will and case law rather than by the 1992 Agreement. Finally, we reject the Estate's assertion of bad faith and "unclean hands." Appellant did not violate an agreement to terminate litigation. Rather, after agreeing that the Will imposed liability upon a transferee to pay inheritance tax, she pursued a contract claim, relying on provisions of the 1992 Agreement that directed that the Estate pay the inheritance tax on the Realty.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/1/2016</u>