J-S62028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELLIE GORDON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARAH BAXENDELL | : | No. 698 WDA 2019 |

Appeal from the Order Entered, May 6, 2019,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  AR-17-2378.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JANUARY 22, 2020**

Ellie Gordon appeals *pro se*, supposedly from an order of court entered on May 6, 2019, denying her April 29, 2019 Motion for Post-Trial Relief *Nunc pro Tunc*.  That motion, however, attacked an October 30, 2018 Order holding Ms. Gordon in civil contempt and directing her to repay *pro se* Defendant Sarah Baxendell $800.  Indeed, on the cover of her appellate brief, Ms. Gordon asserts that she is appealing from the October 2018 order.  The trial court entered a final judgment against Ms. Gordon on December 17, 2018.  Ms. Gordon did not file her notice of appeal until May 6, 2019 — *i.e.*, 188 days after the trial court held her in contempt and 133 days after the entry of judgment.[1]

---

[1] We note that Ms. Gordon suggests in her brief that this delay in filing a post-trial motion and an appeal was due to a breakdown in the court system.  **See** Ms. Gordon's Brief at 24.  However, in order for us to consider the arguments

As the trial court explained in its 1925(a) Opinion:

> Pa.R.A.P. 903 specifies the time from which an appeal should be filed and states, "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Here, the date of the Order entering judgement against Ms. Gordon was docketed on December 17, 2018. Pursuant to Pa.R.A.P. 903, Ms. Gordon would have had 30 days to file an appeal from that order, with the final date to do so being January 16, 2019. However, Ms. Gordon didn't file anything until April 24, 2019 when she filed her Motion for Post-Trial Relief *Nunc pro Tunc*. Given that Ms. Gordon's appeal was late and outside the 30 days permitted under Pa.R.A.P. 903, her appeal should be [quashed].

Trial Court Opinion, 7/3/19, at 5. We agree and adopt this analysis as our own. Clearly, Ms. Gordon's appeal is untimely by several months.

It is settled law that, "if the appeal is late, we have no jurisdiction to entertain it." ***In re Estate of Allen***, 960 A.2d 470, 471 (2008). In such

---

in her brief, she needed to follow the Rules of Appellate Procedure. The Rules provide that the argument section of an appellant's brief "shall be divided into as many parts as there are questions to be argued; and shall have . . . ***citation of authorities*** as are deemed pertinent." Pa.R.A.P. 2119. In short, this Rule required Ms. Gordon to cite some law — for example, cases from this Court or the Supreme Court of Pennsylvania or the statues of this Commonwealth. She cited no law anywhere her brief. Her claim of a breakdown in the process of the trial court is not obvious on the record and, instead, is based entirely upon her version of the facts (many which are not of record). Because she failed to develop this issue, we will not consider the merits of her argument. See ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) ("When issues are not properly raised and developed in briefs…a court will not consider the merits thereof.")

instances, we may not afford the appealing party any relief but must, instead, quash her appeal. *See id.*

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2020